# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Judianne Lambert,            :
           Petitioner         :
                               :
        v.                     :   No. 1923 C.D. 2015
                               :   Submitted: May 6, 2016
Department of Human Services,    :
           Respondent     :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE SIMPSON            FILED: August 10, 2016

Judianne Lambert (Lambert), representing herself, petitions for review from an order of the Secretary of the Department of Human Services (DHS) that upheld a decision of an Administrative Law Judge (ALJ) denying Lambert's application for 2014-2015 cash benefits under the Low Income Home Energy Assistance Program (LIHEAP). The ALJ affirmed an administrative denial of Lambert's application because she did not provide requested information about income received by her son, who lives at her house. Discerning no error, we affirm.

## I. LIHEAP

LIHEAP is a Federal block grant program authorized by the Low–Income Home Energy Assistance Act, which, pursuant to federal law, is

administered by DHS.[1]   55 Pa. Code §§601.1, 601.5.  The purpose of LIHEAP is to help eligible low income households meet home heating needs.  55 Pa. Code §601.2.   LIHEAP is comprised of three components: cash, crisis and weatherization.  55 Pa. Code §601.4.  The cash component, at issue in this matter, provides cash payments to help eligible low income households pay home heating costs.  55 Pa. Code §601.4(1).

DHS administers the cash component through its County Assistance Offices (CAO) and the crisis component through its CAOs, community action agencies and other local organizations.  55 Pa. Code §601.5(1), (2).  To receive LIHEAP benefits, a member of the household must complete and file an application with a CAO within the established time frames for the program year. 55 Pa. Code §601.21.  In turn, the CAO sends an applicant written notice of its decision regarding eligibility and, if an applicant is deemed ineligible, the notice is to include the reason for a finding of ineligibility.  55 Pa. Code §601.22.

To qualify for LIHEAP cash benefits, a household must meet certain income limit requirements.  Also, the household must be responsible for paying for its main and secondary sources of heat either directly to a vendor or indirectly as an undesignated part of rent.  55 Pa. Code §601.31.

## II. Facts

On March 18, 2015, Lambert applied for LIHEAP cash benefits with the Lancaster County CAO.  Certified Record (C.R.), Ex. C-1.  Lambert listed only

[1] 42 U.S.C. §§8621-30.

herself on the LIHEAP application. Id. However, Lambert's household consists of Lambert and her son. ALJ's Hr'g., Notes of Testimony (N.T.), 7/15/15, at 7, 13-20. Lambert owns the property where she and her son reside. Id. The CAO requested verification of the son's identification, citizenship and income. N.T. at 27-28, 30, 36.

The CAO issued a notice denying Lambert's application for LIHEAP cash benefits on the ground that it did not receive information about Lambert's son. C.R. 4, Final Administrative Action Order, 8/17/15, Finding of Fact (F.F.) No. 6. Lambert appealed to the Bureau of Hearings and Appeals (BHA).

An Administrative Law Judge (ALJ) conducted a telephone hearing. At the hearing, Jennifer Kourouma, income maintenance supervisor at the Lancaster County CAO, presented testimony. In addition, Lambert testified on her own behalf. After the hearing, the ALJ issued a decision, which contained the following relevant findings.

Lambert pays for the total costs of shelter and utilities. Her son is employed and receives compensation. Her son does not pay Lambert rent. Her son does not pay for the cost of utilities. Lambert's main heat is fuel oil. Lambert's secondary source of heat is electric. Lambert's son uses an electric space heater for his living space. No evidence was provided to establish that Lambert and her son are separate economic units. As of the closing of the hearing record, Lambert did not provide verification of her son's identification, citizenship and income.

3

The ALJ pointed out that Section 601.3 of DHS's regulations, defines a "household" as "[a]n individual or group of individuals, including related roomers, who are living together as one economic unit that customarily pays for its home heating energy either directly to a vendor or indirectly as an undesignated part of rent." 55 Pa. Code §601.3. The regulation defines an "economic unit" as two or more related or unrelated persons living together and who share expenses, including food, shelter and utilities. ALJ Op. at 4 (emphasis added).

The ALJ explained her reasoning. Lambert acknowledged that her son resides at her property. Lambert only applied for LIHEAP benefits for herself. The ALJ framed the issues as whether the son is required to be included in the household for purposes of LIHEAP eligibility, and whether Lambert is required to provide verification of her son's identification, citizenship and income. ALJ Op. at 6.

Lambert admitted that she owns the home, and her son does not pay any monthly rent or utilities. The ALJ noted that Lambert pays the full amount of the mortgage plus all utilities. The ALJ also stated that although the son does not contribute anything toward shelter or utilities, by definition Lambert and her son are sharing both shelter and utility expenses as the son does not have separate costs for shelter or utilities. Id.

The ALJ further noted that Lambert did not provide evidence to establish that her son is a separate economic unit. As a result, the ALJ concluded

4

Lambert and her son are individuals residing together as one economic unit that pays for heating energy directly to a vendor. Id.

In addition, the ALJ found Lambert did not provide the requested information about her son. Because the CAO did not have information on the son's income, which was required to be considered by 55 Pa. Code §601.81 for all household members, and was needed under 55 Pa. Code §601.41 to determine the amount of any cash benefit, it was unable to make an eligibility determination. Thus, the ALJ concluded the CAO decision was correct. ALJ Op. at 6-7.

The BHA affirmed the ALJ's decision. C.R. 4. Lambert filed a petition for reconsideration with the Secretary of DHS, which was denied. C.R. 5-6. This petition for review by Lambert followed.

## III. Issue

This issue before this Court is whether Lambert and her son are separate economic units for purposes of LIHEAP.[2]

## IV. Discussion

Lambert argues DHS erred in denying her request for LIHEAP cash benefits on the basis that her son was a member of her household. Lambert further asserts she was the sole member of the household; therefore, she should be entitled to LIHEAP cash benefits.

---

[2] Our review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact were supported by substantial evidence. Woods Servs., Inc. v. Dep't of Pub. Welfare, 803 A.2d 260 (Pa. Cmwlth. 2002), aff'd, 839 A.2d 184 (Pa. 2003).

DHS's interpretation of its own regulations is entitled to deference unless it is plainly erroneous, inconsistent with regulations, or contrary to the enabling statute. Brookline Manor v. Dep't of Pub. Welfare, 823 A.2d 1069 (Pa. Cmwlth. 2003). Section 601.3 defines a "household" as "[a]n individual or group of individuals, including related roomers, who are living together as one economic unit that customarily pays for its home heating energy either directly to a vendor or indirectly as an undesignated part of rent." 55 Pa. Code §601.3. In determining what constitutes a "household" for purposes of eligibility for LIHEAP cash benefits, Section 601.41(a)(1) of the LIHEAP regulations states in relevant part:

> (a) The amount of a LIHEAP cash benefit is based on the following household factors at the time of application:
>
> (1) *Household size*. The members of the applicant household, regardless of relationship, including a roomer who is a relative of a household member, shall be counted when determining household size.

55 Pa. Code §601.41(a)(1).

Further, it is the *applicant* who has the burden to provide sufficient information regarding the household's circumstances to enable the LIHEAP administering agency to determine LIHEAP eligibility. 55 Pa. Code §601.101. Information for eligibility includes verification and documentation. Id. Verification refers to any form of convincing information, including oral statements or documentation. Documentation for purposes of LIHEAP eligibility refers to written or printed evidence, such as fuel bills, rent receipts or pay stubs. Id.

6

Lambert's confusing, guarded, and at times evasive testimony about the use of her property was, in part, as follows.

JUDGE:

Are you saying that 128 South Duke Street has two separate units?

MS. LAMBERT:

No. It has a house, and I reside there in some area of it. And there's a separate unit that is described as a side unit or something that's pertaining to another entire environment.

JUDGE:

So what is your son's address?

MS. LAMBERT:

It's 128 South Duke A --- 128A South Duke Street. He gets mailing and everything in the front door.

JUDGE:

So 128A South Duke.

MS. LAMBERT:

Yes.

***

JUDGE:

Who owns 128A?

7

MS. LAMBERT:

Well, it's a residence. It's all in one piece, I guess, to describe that, you know, structurally. But it's a separate complete ---. You know, there's no entrance or exit that happens in this environment of the 128 South Duke Street for his living style.

JUDGE:

So do you own 128A?

MS. LAMBERT:

No, I don't reside ---. I send in all my renewal forms in. That's the only thing to be using --- they reference as the 128 South Duke Street.

JUDGE:

So 128A South Duke Street is owned by somebody else?

MS. LAMBERT:

It is, as far as an everyday lifestyle, possibly, I guess. It's as if there were separate living quarters for individuals that --- you know, that are in places, I guess. And then how to make an example of that would only be to say that ---. You know, I'm being asked to --- you know, referencing and personal information on an individual's personal information that I don't have available to me to do.

JUDGE:

No, I just want --- Ms. Lambert, I just want to know, do you own 128 South Duke Street?

MS. LAMBERT:

Yes.

8

JUDGE:

But you do not own 128A South Duke Street?

MS. LAMBERT:

It is included as a part of the same residence, but it does not include the lifestyle, or anything that has to do with the living quarters in the ---.

JUDGE:

So you own that part of the house that is listed as 128A?

MS. LAMBERT:

Yes. It's considered a residence in some format, but a household is another definition. And a household is living quarters, I would have thought. And maybe you have another definition of that, but I don't. I've always applied to the LIHEAP program in the format of answering their inquiries and questionnaire forms, and filled out any renewals that were applied for in my environment.

JUDGE:

Well, Ms. Lambert, what I just ---. I'm trying to get to the --- you know, to all the details of this case. So does your son pay rent to you?

MS. LAMBERT:

No. Everything's a separate --- whatever the lifestyle is on this. I don't know what it is, exactly, you know, to talk for him. I know he just has a separate --- almost entirely everything.

JUDGE:

So he has a kitchen, bathroom, bedroom?

MS. LAMBERT:

Well, a separate lifestyle, yes.

JUDGE:

Ms. Lambert, when you say lifestyle, that's very --- to me, it's confusing me. Everyone can have a different lifestyle. What I'm asking is, does he have ---? Like, he doesn't share a kitchen with you, he doesn't share ---? He doesn't share any rooms with you? Is that what you're saying?

MS. LAMBERT:

That's correct. There's no combination you know, in the unit that --- you know, in the living style.

N.T. at 13, 15-18.

In affirming the administrative denial of Lambert's application for LIHEAP cash benefits, the ALJ correctly referenced DHS regulations, which require that "income must be considered from all household members regardless of their relationship." ALJ Op. at 7; see also 55 Pa. Code §601.81. The ALJ further correctly referenced the regulations which define the gross income and unearned income to be considered. ALJ Op. at 7; see also 55 Pa. Code §601.82. It is undisputed that the CAO requested verification of identification, citizenship and income of Lambert's son, and that Lambert did not provide the requested information. ALJ Op. at 7. As a consequence, the ALJ correctly determined that, because the CAO did not have information on the income for Lambert's son, the CAO was unable to make an eligibility determination. Id.

10

Despite claiming that her son had a separate "lifestyle," Lambert provided no evidence that her son does not reside at the household. Absent proof that Lambert's son does not live in her house, and given Lambert's evasive and confusing testimony on this issue, the ALJ was not required to accept her interpretation of "household." Thus, although Lambert testified she "[didn't] have [her son] as a household member," see N.T at 9, the ALJ was free to reject Lambert's vague, uncorroborated testimony on that point. See, e.g., DePaolo v. Dep't of Pub. Welfare, 865 A.2d 299 (Pa. Cmwlth. 2005) (ALJ is free to accept or reject the testimony of any witness in whole or in part; determinations of credibility and evidentiary weight are within the province of the ALJ).

Because income must be considered from all household members regardless of their relationship, the regulations define the gross income and unearned income to be considered, and the Lambert household did not provide income from all household members, we discern no error in the ALJ's denial of Lambert's request for 2014-2015 LIHEAP cash benefits. 55 Pa. Code §§601.81-82.

Based on the foregoing, we affirm.

---

ROBERT SIMPSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Judianne Lambert,                     :
                    Petitioner        :
                                      :
            v.                        :    No. 1923 C.D. 2015
                                      :
Department of Human Services,         :
                    Respondent        :

# **O R D E R**

**AND NOW**, this 10th day of August, 2016, the order of the Secretary of the Department of Human Services is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge